UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW A. HILL,

    Petitioner,

v.                                                   Case No: 6:18-cv-109-Orl-31TBS

WAYNE IVEY, et al.,

    Respondent.
_____/

**ORDER**

This cause is before the Court on the Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner, who is a pretrial detainee at the Brevard County Jail and proceeding *pro se*. Petitioner has brought the Petition under 28 U.S.C. section 2241. (Doc. 1 at 2).

Petitioner currently has pending a state criminal proceeding. He alleges that the officers who arrested him violated his constitutional rights and that he has received ineffective assistance of counsel during this proceeding. Petitioner requests that the Court direct the Sheriff of Brevard County "to produce [Petitioner and] . . . inquire into the cause of Petitioner's detention." (Doc. 1).

Among the most fundamental requirements of § 2241 is that petitioners must first exhaust their state court remedies. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004). "Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement." *Harvey v. Corbin*, No. CV311-074, 2011 WL 4369828, at *2 (S.D. Ga. Aug.

12, 2011). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he made a "fair presentation" of the federal claims to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Here, there is no indication that Petitioner has exhausted his claims. Instead, he has petitioned directly for this Court's intervention. This Court lacks the authority to resolve Petitioner's pretrial issues because the Florida courts have not yet been given a fair opportunity to do so. Further, Petitioner has failed to allege that state court remedies are unavailable or that such remedies are ineffective.

The Florida state courts have adequate and effective state procedures for review of Petitioner's constitutional claims either before trial or in the event he is convicted of the charges presently pending against him. Petitioner presents no other argument which would warrant federal court interference in the normal functioning of the state's criminal processes.[1] Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 493 (1973). As such, Petitioner failed to exhaust his federal claim in the state courts, and he is procedurally

---

[1] Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir.1983).

barred from asserting it on federal habeas review. The Petition will therefore be dismissed without prejudice.[2]

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED without prejudice**.

2. This case is **DISMISSED without prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

---

[2] After exhausting available state remedies, Petitioner may pursue federal habeas proceedings.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 1/29